IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 26-05047-CV-SW-MBB |
| | ) | |
| REAL PROPERTY LOCATED AT 103 BRIAR | ) | |
| MEADOW DRIVE, CARL JUNCTION, MISSOURI, | ) | |
| ALONG WITH ALL ITS BUILDINGS, | ) | |
| APPURTENANCES, AND IMPROVEMENTS, | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 17979 HOTTEL | ) | |
| SPRINGS ROAD, SENECA, MISSOURI, ALONG | ) | |
| WITH ALL ITS BUILDINGS, APPURTENANCES, | ) | |
| AND IMPROVEMENTS, | ) | |
| | ) | |
| APPROXIMATELY 4.58 ACRES IN NEWTON | ) | |
| COUNTY, MISSOURI, DESCRIBED AS A PART OF | ) | |
| THE SE ¼ OF THE SE ¼ OF SECTION 10, | ) | |
| TOWNSHIP 24 NORTH, RANGE 34 WEST, | ) | |
| NEWTON COUNTY, MISSOURI, ALONG WITH | ) | |
| ALL ITS BUILDINGS, APPURTENANCES, AND | ) | |
| IMPROVEMENTS, | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 5407 KENTUCKY | ) | |
| ROAD, SENECA, MISSOURI, ALONG WITH ALL | ) | |
| ITS BUILDINGS, APPURTENANCES, AND | ) | |
| IMPROVEMENTS, | ) | |
| | ) | |
| Defendants In Rem. | ) | |

## CLAIMANT CASEY R. CRIDER'S MOTION TO DISMISS COMPLAINT FOR FORFEITURE IN REM

Claimant Casey R. Crider moves pursuant to Rule 12(b)(6), Fed. R. Civ. P., and

Supplemental Rule G(2)(f) to dismiss the Complaint as it pertains to the Defendant Property

located at 5407 Kentucky Road, Seneca, Missouri.

I.     THE COMPLAINT FAILS TO PLEAD A SUFFICIENT FRAUD OFFENSE.

1

The Government's forfeiture theory depends upon alleged mail fraud, wire fraud, and money laundering offenses. However, the Complaint fails to identify:

a. Any specific victim;

b. Any customer who was allegedly deceived;

c. Any material misrepresentation relied upon by a purchaser;

d. Any economic loss suffered by a purchaser; or

e. Any facts establishing a scheme to obtain money or property by false pretenses.

At most, the Complaint alleges conduct that the Government contends violated provisions of the Federal Food, Drug, and Cosmetic Act. Alleged FDCA violations do not automatically constitute mail fraud or wire fraud. Accordingly, the Complaint fails to plausibly plead the predicate offenses necessary to support forfeiture under 18 U.S. C. § 981(a)(1)(C).

II.     THE COMPLAINT FAILS TO PLEAD MONEY LAUNDERING.

The Government alleges only that funds were deposited into financial accounts and later used to satisfy a mortgage obligation. The complaint contains no allegations of concealment, disguise, structuring, nominee ownership, layering, or other facts supporting a money laundering offense under 18 U.S. C. §§ 1956 or 1957. The payment of an existing mortgage obligation from a bank account does not, standing alone, establish a money laundering transaction.

III.    THE COMPLAINT FAILS TO ADEQUATELY TRACE THE DEFENDANT
        PROPERTY TO CRIMINAL PROCEEDS.

As to Kentucky Road, the Government alleges only that a mortgage payoff payment in the amount of $89,827.66 was made on June 7, 2024, from an account allegedly containing proceeds of unlawful activity. The Complaint does not allege:

a. When Kentucky Road was originally acquired;

b. The property's value at acquisition;

2

c. The amount of equity existing before the alleged payoff;

d. The source of funds used to originally acquire the property;

e. Whether lawful funds existed within the account from which the payment was made; or

f. Any tracing methodology demonstrating that the funds used for the payoff were proceeds of unlawful activity.

The Complaint therefore fails to plausibly establish that the Defendant Property itself constitutes forfeitable proceeds or property involved in money laundering.

IV.    FORFEITURE OF THE ENTIRE PROPERTY WOULD EXCEED THE ALLEGED TAINTED INTEREST.

The Government alleges only that approximately $89,827.66 was applied toward a mortgage obligation. The Complaint does not allege that the entirety of Kentucky Road was acquired with criminal proceeds. Absent allegations connecting the full value of the property to unlawful proceeds, the Complaint fails to establish a basis for forfeiture of the entire parcel.

V.    THE COMPLAINT FAILS TO SATISFY SUPPLEMENTAL RULE G(2)(F).

The Government has failed to allege sufficiently detailed facts supporting a reasonable belief that it can establish forfeiture of Kentucky Road at trial. Accordingly, dismissal is warranted.

WHEREFORE, Claimant Casey R. Crider respectfully requests that the Court dismiss the Complaint as it pertains to the Defendant Property located at 5407 Kentucky Road, award costs, and grant such other and further relief as the Court deems just and proper.

3

Respectfully submitted,

ROBERTS & EASLEY, LLC


Joshua K. Roberts
Missouri Bar No. 47823
2202 West Chesterfield Blvd.
Suite 100
Springfield, Missouri 65807
417-881-1076
417-881-3273 fax
Email: jroberts@robertsandeasley.com
ATTORNEY FOR CLAIMANT
CASEY R. CRIDER

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of July, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the Assistant United States Attorney, Springfield, Missouri, and all other counsel of record.


Joshua K. Roberts

Anthony M. Brown
Asst. United States Attorney
901 E. St. Louis Street; Suite 500
Springfield, Missouri 65806

John Constance
Asst. United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106

4